**No. 46187.**—Protests 659484–G, etc., of Anderson Cameron & Co., et al. (San Francisco).

CLINE, Judge: This is a suit against the United States in which the plaintiffs seek to recover certain sums of money paid as customs duties upon importations of Japanese silk goods entered at the port of San Francisco. A number of claims are made in the pleadings but plaintiffs' attorney, at the trial held at the port of entry and in his brief, stated the contention to be that the entries should have

been liquidated upon the basis of the final appraised value rather than the entered value. Nineteen cases were consolidated for trial.

The facts as they appear of record are as follows. The importers added to the invoice value to make market value the amount of a Japanese textile tax. To each invoice is attached a so-called duress certificate in an attempt to comply with the provisions of section 489, Tariff Act of 1922, which was in effect at the time of the respective entries. That section insofar as pertinent is as follows:

Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

The collector of customs did not liquidate the entries in accordance with the final appraisement, for the reason that the so-called duress certificates did not conform to the requirements of said section 489 in that they failed to cite "similar cases then pending on appeal for reappraisement." This fact appears from the testimony of the deputy collector at the port of entry given in the case of *Yamada* v. *United States*, 26 C. C. P. A. 89, T. D. 49628, as to his practice in the liquidation of entries where the certificates were not in his opinion adequate or did not cite correct entry numbers in pending test cases. Said testimony was incorporated herein. It is the claim of the plaintiffs that the failure to cite the correct entry number in the certificates was due to a clerical error on the part of the customs brokers who made the entries and that under the ruling of the court in the *Yamada* case, *supra*, this court should grant the relief prayed, viz, that duty should be assessed upon the basis of the final appraised value rather than the higher entered value.

In the *Yamada* case the plaintiff produced positive testimony that the mistake in the certificate was due to the use of an old form of such certificate which cited the wrong entry number. The court held that as the record showed that the customs broker, acting in a clerical capacity as one upon whom no duty devolved to exercise original thought or judgment in determining what pending cases were to be listed in the certificate, through inadvertence and mistake had failed to carry out his intention of filing the proper certificate, such action constituted a clerical error within the meaning of section 514, Tariff Act of 1930.

In the case now before us the testimony of the witnesses is far from positive and convincing, which is understandable in a case in which such a length of time has elapsed since the entries were made. However, this court, in the absence of clear and positive testimony, merely upon conjectures and deductions of the witnesses, cannot grant the relief asked for. We therefore find that the plaintiffs have failed to sustain the burden of proof.